IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DOE, Individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) INTEGRIS HEALTH, INC., ) ) Defendant. ) | NO. CIV-23-0728-HE |

### ORDER

Plaintiff, acting under the pseudonym John Doe, filed this putative class action in Oklahoma state court. The petition generally alleges that defendant Integris Health, Inc. wrongfully collected and disseminated personally identifying and protected health information to third parties for commercial purposes by embedding third-party source codes or other tracking technology in its online platforms. Based on these allegations, plaintiff asserts multiple state law claims against defendant.

Defendant removed the case to this court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Plaintiff has moved to remand the case, contending the officer removal statute is not applicable and that there is no basis for subject matter jurisdiction in this court.

Defendant contends that various federal mandates or statutes promoting patient access to health information on the internet, and their efforts to comply with those requirements or incentives, confer federal officer status on it. The federal officer statute, 28 U.S.C. § 1442, provides in pertinent part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

Private defendants, including private corporations, "may remove under § 1442(a)(1) if they can show (1) they acted under the direction of a federal officer, (2) the claim has a connection or association with government-directed conduct, and (3) they have a colorable federal defense to the claim or claims." Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc., 25 F.4th 1238, 1251 (10th Cir. 2022) (citations omitted).

> The statutory phrase "acting under" describes the triggering relationship between a private entity and a federal officer. The words "acting under" are broad, but not limitless. In this context, "under" describes a relationship between private entity and federal superior typically involving subjection, guidance, or control. Thus, a private person's "acting under" must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior. This help or assistance to bring a private person within the scope of the statute does not include simply complying with the law, even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. Rather, there must exist a special relationship between the private firm and the federal superior.

*Id.* (quotations, citations, and edits omitted).

Defendant contends that the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act") — which defendant alleges has as a "core tenet" to provide individuals with online access to their health records — led to the regulatory adoption of the Meaningful Use Program, now known as the Promoting Interoperability Program, which purportedly mandates to some extent that patients have online access to records. Defendant relies on this statutory and regulatory framework as the basis for its claim that it should be viewed as a federal officer, essentially arguing it should be so viewed as to its efforts to provide online access to medical information to patients.

Plaintiff notes, however, that the Promoting Interoperability Program is essentially an incentive program for health care providers to provide online access to records, not a federal mandate. *See* 42 C.F.R. § 495.2. To receive incentive payments under the plan, participants must demonstrate that they had a meaningful electronic health record program active for some defined period in the prior year. *Id.* §§ 495.20 – 495.60. The HITECH Act allocated the money to implement this incentive program.

The court concludes it is unnecessary to belabor in detail the specifics of the particular programs other than noting that they plainly appear to fall short of conditions necessary for federal officer status. As stated in Suncor, simply complying with federal laws and regulations is insufficient to establish that defendant was acting under a federal officer. Responding to incentive programs designed to promote a federal goal of, or interest in, promoting online access to their medical records falls short even of regulatory compliance. Further, given the wide range of federal incentive and similar programs and

3

the reach of federal regulatory activities, adoption of defendant's expansive view of "federal officer" status would potentially turn a huge swath of individual and corporate activity into a basis for federal jurisdiction, a result plainly not contemplated by Congress in enacting the federal officer statute.  The court concludes defendant has not established a basis for federal officer status and that removal on that basis is not warranted.  As no other basis for federal jurisdiction has been suggested, the case will be remanded.

Plaintiff seeks recovery of its attorneys fees from defendant, arguing that fees may be awarded under 28 U.S.C. § 1447(c) where a removing defendant lacks an objectively reasonable basis for removal (citing Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).  While the court does not view the remand question here as particularly close and the weight of authority is clearly consistent with this court's determination, defendant's submissions identify two cases where district courts have reached a contrary conclusion as to federal officer status.  The court therefore concludes a basis for defendant's position exists sufficient to avoid an award of attorneys fees.

Plaintiff's motion to remand [Doc. #19] is **GRANTED**.  This case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE