IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN DOE, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-23-0728-HE |
| INTEGRIS HEALTH, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Defendant removed this case from state court on the basis of the federal officer statute, 28 U.S.C. § 1442(a)(1). Plaintiff moved to remand the case and the court granted the remand motion. Order, November 16, 2023 [Doc. #25]. Defendant has since moved to stay the remand order, to which plaintiff has objected.

Orders remanding a case initially removed on the basis of the federal officer statute are, unlike remand orders generally, appealable. 28 U.S.C. § 1447(d). As a result, the order of remand is a final judgment subject to the usual rules for appeal of judgments, including Fed.R.Civ.P. 62's thirty day stay of proceedings (unless otherwise ordered by the court). See Plaquesmines Parish v. Chevron USA, Inc., 84 F.4th 362 (5th Cir. 2023). As a result, defendant's motion for temporary stay [Doc. # 26] is **GRANTED** as follows: this court's order of remand is hereby **VACATED IN PART** and **AMENDED** as follows: the transfer of the case to state court is **STAYED** for a period of **thirty (30) days** from the date of the remand order; the order is confirmed in all other respects.

The Clerk of Court is directed to advise the District Court of Oklahoma County, State of Oklahoma of this stay by forwarding a copy of this order to that court.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE